CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Debtor.

BANKRUPTCY NO.

Moving Party

RS NO.

Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.  A Petition under Chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13  was filed on _____.

2.  Procedural Status:
    a.  ☐  Name of Trustee Appointed *(if any)*:

    b.  ☐  Name of Attorney of Record for Trustee *(if any)*:

    c.  ☐  *(Optional)* Prior Filing Information:
        Debtor has previously filed a Bankruptcy Petition on:_____.
        If applicable, the prior case was dismissed on: _____.

    d.  ☐  *(If Chapter 13 case)*:  Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

    Movant alleges the following in support of its Motion:

1.  ☐  The following real property is the subject of this Motion:
    a.  Street address of the property including county and state:

    b.  Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

    c.  Legal description of property is attached as Exhibit A.

CSD 1160

    d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e. *Fair market value of property as set forth in the Debtor's schedules: $_____.

    f. *Nature of Debtor's interest in the property:

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

    a. Fair market value of property as set forth in the Debtor's schedules: $_____.

    b. Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____.

4. *Nature of Movant's interest in the property:

5. *Status of Movant's loan:
    a. Balance owing on date of Order for Relief: $_____
    b. Amount of monthly payment: $_____
    c. Date of last payment: _____
    d. If real property,
        i. Date of default: _____
        ii. Notice of Default recorded on: _____
        iii. Notice of Sale published on: _____
        iv. Foreclosure sale currently scheduled for: _____
    e. If personal property,
        i. Pre-petition default: $_____ No. of months:_____
        ii. Post-petition default: $_____ No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
    a. Date of post-petition default: _____
    b. Amount of post-petition default: $_____

7. Encumbrances:
    a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | Post-Petition Arrearages Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ | $ | $ |

    b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

8. Relief from the automatic stay should be granted because:

   a. ☐ Movant's interest in the property described above is not adequately protected.

   b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☐ *Other cause exists as follows *(specify)*: ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☐ Relief as requested.

☐ Other:

Dated:

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

Recording Requested By:
AXIS MORTGAGE & INVESTMENTS, LLC

And After Recording Return To:
AXIS MORTGAGE & INVESTMENTS, LLC
1201 S. ALMA SCHOOL RD., SUITE 3700
MESA, ARIZONA 85210
Loan Number: 04-005284-12

I do hereby certify this to be a true and correct copy of the original.
Security Title Agency
By: _____

———————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST

MIN: 1000439-0400528412-0

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated DECEMBER 7, 2004 , together with all Riders to this document.
(B) "Borrower" is THOMAS M. SIMKO AND NANCY E. SIMKO, HW

Borrower is the trustor under this Security Instrument. Borrower's mailing address is 2823 ARNOTT STREET, SAN DIEGO, CALIFORNIA 92110

(C) "Lender" is AXIS MORTGAGE & INVESTMENTS, LLC

Lender is a LIMITED LIABILITY CORPORATION                                                           organized
and existing under the laws of ARIZONA
Lender's mailing address is 1201 S. ALMA SCHOOL RD., SUITE 3700, MESA, ARIZONA 85210

(D) "Trustee" is SECURITY TITLE AGENCY, INC., AN ARIZONA CORPORATION
Trustee's mailing address is 3620 NORTH THIRD AVENUE, PHOENIX, ARIZONA 85013

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated DECEMBER 7, 2004
The Note states that Borrower owes Lender ONE HUNDRED TWENTY-EIGHT THOUSAND NINE HUNDRED FIFTY AND 00/100                         Dollars (U.S. $ 128,950.00     ) plus interest.

ARIZONA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3003 1/01 (rev. 6/02)                    Page 1 of 14                    DocMagic eForms  800-649-1362
                                                                              www.docmagic.com

Az3003.mzd.1.tem

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JANUARY 1, 2035.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☒ Planned Unit Development Rider ☐ Other(s) [specify]
☒ 1-4 Family Rider ☐ Biweekly Payment Rider

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of MARICOPA :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

ARIZONA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic eForms 800-649-1362
Form 3003 1/01 (rev. 6/02)                      Page 2 of 14                                      www.docmagic.com

Az3003.mzd.2.em

LOT 73, SUN CITY WEST UNIT II, ACCORDING TO BOOK 205 OF MAPS, PAGE 50, RECORDS OF MARICOPA COUNTY, ARIZONA.
A.P.N. #: 232-04-386 2

which currently has the address of  12639 WEST SENECA DRIVE
[Street]

SUN CITY WEST                    , Arizona    85375        ("Property Address"):
[City]                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of

ARIZONA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3003 1/01 (rev. 6/02)                    Page 3 of 14              DocMagic eForms 800-649-1362
                                                                        www.docmagic.com

Az3003.mzd.3 tem